UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| THOMAS ANDREW CENSKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-cv-269 |
| ) | |
| v. ) | HON. R. ALLAN EDGAR |
| ) | |
| ART LAUREN, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff Thomas Andrew Censke, an inmate at the Marquette County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Art Lauren, County of Marquette, County of Baraga, United States Department of Justice, Paul Lockner, Clint Morris, Leslie Hahn, Jay Johnston, Mark Kupferir, Pathways Community Mental Health, Marquette General Hospital, Planned Parenthood, Michigan Department of Community Health, Michigan Department of Corrections, Michigan State Police, Carrol Cuppucio, Amidule Hassan, Mike Laurila, Steve Snowert, Matthew Wiese, Cheryl Hill, Gary Walker, Dennis Girard, John R. Weber, Ellen Rabe, Michelle Dobbs, Tammy Wills, Jill Warren, Unknown Blanchard, Priscilla Burnham, Wendy Goodrue, Peter O'Leary, Shawn Brewer, Gordon Warchock, Joe Lavey, II, and Mary Anne Fry.

Initially, the court notes that Plaintiff has filed a motion to supplement his complaint (docket #10) which the court will grant. Therefore, the proposed supplemental complaint and exhibits will be considered along with the initial complaint in the instant opinion.

Plaintiff alleges that the named Defendants have violated numerous constitutional rights, have engaged in racketeering activity in violation of RICO, and have violated the Americans with Disabilities Act (ADA). Plaintiff seeks damages and equitable relief.

II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections, the Michigan Department of Community Health, or the Michigan State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002)

(citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections, the Michigan Department of Community Health, and the Michigan State Police.

A careful review of Plaintiff's initial and supplemental complaint reveal that Plaintiff's claims are rambling and incoherent. Plaintiff merely asserts a laundry list of conclusory assertions, but fails to clearly allege any set of facts showing that the named Defendants in this case violated his federal rights. In order to prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Because Plaintiff has failed to make such a showing, his complaint is properly dismissed as frivolous and failing to state a claim.

With regard to his claim that Defendants violated his constitutional rights, Plaintiff appears to be challenging every aspect of his treatment by the criminal justice system. However, such a challenge is properly addressed via an appeal or post-conviction motion. Assuming that such actions are unsuccessful, Plaintiff may file a habeas corpus action to challenge the fact or duration of his confinement. 28 U.S.C. § 2254.

Plaintiff also claims that Defendants' conduct constitutes racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq. In order to prevail in a civil RICO claim, plaintiff must prove three elements: (1) the identification of a person, who, (2) through a pattern of racketeering activity, (3) uses or invests income derived therefrom to acquire an interest in or to operate an enterprise engaged in interstate commerce, or acquires, maintains an interest in, or controls such an enterprise. *See H.J., Inc. v. Northwestern Bell*

*Tel. Co.*, 492 U.S. 229, 232 (1989); *see also Call v. Watts,* No. 97-5406, 1998 WL 165131, at * 2 (6th Cir. Apr. 2, 1998); *Michalak v. Edwards*, Nos. 96-1970, 96-1972, 1997 WL 561424, at * 3 (6th Cir. Sept. 9, 1997); *Mitchell v. Biomagnetic Resonance, Inc.*, No. 96-1579, 1997 WL 259367, at * 4 (6th Cir. May 15, 1997). To prove a pattern of racketeering activity, it is necessary for plaintiff to present evidence of at least two predicate acts of racketeering activity. *H.J. Inc.*, 492 U.S. at 237. In this case, Plaintiff's allegations fail to give rise to a claim under RICO, as the facts in Plaintiff's complaint do not disclose the existence of an "enterprise" affecting interstate commerce or any arguable pattern of racketeering activity. *See United States v. Jenkins*, 902 F.2d 459 (6th Cir. 1990).

Plaintiff also claims that Defendants violated the ADA. Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make out a prima facie case under Title II of the ADA, a plaintiff must establish that (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir.2003). Here, even if Plaintiff could show that he is handicapped within the meaning of the ADA, his complaint contains no allegations that he was discriminated against solely because of his handicap. *Id.*; *see also Lee v. Michigan Parole Board*, No. 03-1775, 2004 WL 1532563, at *1 (6th Cir. June 23, 2004).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:      1/9/09                              /s/ R. Allan Edgar
                                     R. ALLAN EDGAR
                                     UNITED STATES DISTRICT JUDGE